CRISTIÁN ET AL., DEMANDANTES Y APELANTES, v. ESCOBAR ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa sobre reivindicación de propiedad inmueble, nulidad de títulos e inscripciones de obligación hipotecaria.

No. 1286.—Resuelto en diciembre 3, 1915.

REIVINDICACIÓN—ACCIÓN REIVINDICATORIA—TÍTULO DE HEREDERO—PARTICIÓN Y ADJUDICACIÓN—EXCEPCIÓN PREVIA DE FALTA DE CAUSA DE ACCIÓN.—El título de heredero no es bastante por sí solo para establecer con éxito la acción reivindicatoria de una porción determinada o parte alícuota de los bienes de la herencia por ninguno de los herederos cuando aun no se han practicado las diligencias de partición y adjudicación, ya que ninguno de ellos puede decirse ni ser considerado como dueño único y exclusivo de esa porción mientras no cese la comunidad. En este caso la demanda es excepcionable por el fundamento de que sus alegaciones no determinan causa generadora de la acción.

ID.—NULIDAD—EFECTO DE LA ACCIÓN PRINCIPAL DE REIVINDICACIÓN—PRONUNCIAMIENTO EN CUANTO A AQUÉLLA.—Cuando en la demanda se piden nulidades que no son causa sino efecto de la acción principal de reivindicación que se ejercita, siendo ésta improcedente, huelga hacer pronunciamiento alguno sobre aquéllas.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Luis Llorens Torres* y *Nemesio R. Canales.*

Abogado del apelado Juan Escobar Casado: *Sr. Miguel Guerra.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 3 de febrero de 1911, Julia y Félix Valois Cristián y Casado presentaron demanda ante la Corte de Distrito de San Juan, Sección 2ª., contra Juan Escobar Casado, Eduardo Jacobo González y Ramón Aboy Benítez, en la que alegaron substancialmente que Pedro Casado y María Correa fallecieron dejando como únicos y universales herederos de sus bienes a Agustina e Isabel Casado y Correa; que entre sus bienes había una finca rústica radicada en el lugar denominado Palmarejos, barrio de Canóvanas de la jurisdicción de Loíza, con cabida de 395 cuerdas; que la Agustina, aprovechando la circunstancia de encontrarse ausente su hermana y coheredera Isabel, instruyó expediente por el cual de una manera falsa y dolosa acreditó a su favor la posesión de la totalidad de la finca expresada, cuyo expediente fué aprobado por el Juez Municipal de Loíza e inscrito en el Registro de la Propiedad de San Juan con fecha 12 de junio de 1880; que Isabel Casado falleció abintestato dejando por únicos y universales herederos a sus hijos Julia, Félix Valois y Juan Ramón Cristián y Casado, a los cuales corresponde hoy la mitad de la finca de que se deja hecho mérito; que en 26 de diciembre de 1897 Agustina Casado vendió a Fernández, Sobrino & Co., la totalidad de la finca con pacto de retracto dentro del término de ocho años, habiéndose inscrito la compraventa en el registro de la propiedad; que por escritura de 31 de julio de 1903, también inscrita en el registro, la sociedad Fernández, Sobrino & Co. vendió la misma finca a Eduardo Jacobo González; que las dos ventas anteriores adquirieron estabilidad y firmeza en 26 de diciembre de 1905 en que venció el plazo para la retroventa; que por otra escritura de 2 de julio de 1906, Eduardo Jacobo González vendió la propia finca a Juan Escobar Casado, inscribiéndose igualmente esa venta en el registro de la propiedad; que Juan Escobar Casado segregó de la finca de 395 cuerdas y vendió a Eduardo Jacobo González por escritura pública de 25 de julio

de 1908 inscrita en el registro de la propiedad, una porción o parcela compuesta de 26 cuerdas con 34 céntimos de otra; que el resto de la finca fué hipotecado por Juan Escobar Casado a favor de Ramón Aboy Benítez por escritura de 9 de agosto de 1909 inscrita en el registro de la propiedad para responder de un crédito de $2,000; que los demandados Juan Escobar Casado y Eduardo Jacobo González son los actuales poseedores de la totalidad de la finca en la proporción ya indicada y ambos tenían conocimiento de la procedencia ilegal y viciosa de la mitad de la finca, siendo ese conocimiento extensivo al acreedor hipotecario Ramón Aboy Benítez; y que los demandantes han estado privados del goce y disfrute de la mitad del inmueble, con cuyo motivo se les han causado perjuicios que ascienden a la suma de $15,000 por lo que toca al demandado Juan Escobar Casado, y a $7,000 por lo que respecta al otro demandado Eduardo Jacobo González.

La demanda concluye con la súplica de que se dicte sentencia a favor de los demandantes declarando nulo el expediente posesorio y nulos también los actos y contratos llevados a cabo con posterioridad a dicho expediente y consignados en las escrituras de que se deja hecho mérito, en cuanto afecten a la mitad del inmueble de que se trata, ordenando la cancelación en el registro de todos los asientos de inscripción motivados por dichos documentos, condenando a los demandados a entregar a los demandantes sin limitación alguna la mitad proindivisa de la finca con los frutos percibidos y dejados de percibir, y a pagar además los gastos y costas de la acción y $2,000 en concepto de honorarios para el abogado de los demandantes.

A la anterior demanda opuso el demandado Juan Escobar la excepción de que no aducía hechos suficientes para determinar una causa de acción y posteriormente la contestó con súplica de que fuera desestimada y se declarase que los demandantes carecen de derecho alguno para recobrar de

dicho demandado la posesión y propiedad de la mitad del inmueble en litigio, alegando entre otras defensas la de que, caso de existir alguna acción a favor de aquéllos, habría prescrito con arreglo al artículo 1864 del Código Civil.

Celebrado el juicio sin haber sido emplazados los demandados Eduardo Jacobo González y Ramón Aboy Benítez, la corte dictó sentencia en 13 de junio de 1913 declarando sin lugar la demanda con las costas a cargo de la parte demandante, contra cuya sentencia interpuso la representación de los demandantes, recurso de apelación para ante esta Corte Suprema.

La acción principal ejercitada en este pleito es la real reivindicatoria con la accesoria de indemnización de daños y perjuicios por detentación de la mitad proindivisa de la finca rústica que se trata de reivindicar, como así lo ha reconocido el demandado Juan Escobar Casado al alegar como excepción a la demanda la de prescripción de la acción reivindicatoria que es la regulada por el artículo 1864 del Código Civil.

Fundan los demandantes su acción en que habiendo sido los esposos Pedro Casado y María Correa dueños de la finca de que se trata pasó la propiedad de ésta por fallecimiento de los mismos a sus hijas Agustina e Isabel Casado y Correa, y por fallecimiento de la Isabel la mitad proindivisa correspondiente a ésta, a sus únicos y universales herederos Julia, Félix Valois y Juan Ramón Cristián Casado, invocando por tanto como única razón de su derecho el título de herederos de su difunta madre Isabel Casado, heredera ésta a la vez con su hermana Agustina de sus difuntos padres Pedro Casado y María Correa. Ese título hereditario no es bastante por sí solo en el presente caso para obtener la reivindicación pretendida.

Al resolver el caso de *Velilla* v. *Pizá et al*, 17 D. P. R. 1112, dijimos:

"Es cierto que los artículos 657 y 661 del anterior Código Civil, concordantes con los 665 y 669 del vigente, establecen que los derechos

a la sucesión de una persona se transmiten desde el momento de su muerte y que los herederos suceden al difunto por el solo hecho de su muerte en todos sus derechos y obligaciones, y de acuerdo con esos artículos, el heredero o los herederos, si hubiere más de uno, en su totalidad adquieren el derecho dominical del causante.

"El título de heredero transmite un derecho sobre el conjunto de los bienes hereditarios; por virtud de él todos los herederos por el hecho de la muerte de su causante, llegan a ser dueños en común, pero mientras no se practiquen las diligencias de partición y adjudicación, mientras en virtud de ellas no cese esa comunidad, ninguno puede decirse ni ser considerado como dueño único y exclusivo de una porción determinada o parte alícuota, fija y concreta de los bienes de la herencia, cuyo concepto es requisito que debe justificarse para que pueda prosperar, una acción reivindicatoria.

"Tales artículos confieren un derecho sobre todos y cada uno de los bienes hereditarios, pero no un derecho concreto en determinados bienes, lo que sólo se obtiene por la adjudicación hecha legalmente en las operaciones particionales.

*       *       *       *       *       *       *

"Ocurrida la muerte del causahabiente, existe en sus herederos, según los artículos citados, un dominio en el todo indeterminado, que se concreta y determina mediante la partición y adjudicación de los bienes hereditarios, la que según el artículo 1035 del Código Civil vigente, concordante con el 1068 del código anterior, es la que confiere propiedad exclusiva a un heredero sobre los bienes que le hayan sido adjudicados."

Esos principios han de regular el presente caso, análogo al de *Velilla* v. *Pizá et al.* Los hechos expuestos en la demanda no muestran título de dominio por parte de los demandantes respecto de la mitad proindivisa de la finca en cuestión por falta de adjudicación de dicha parte proindivisa a su difunta madre Isabel Casado y Corréa en procedimiento adecuado al efecto. El carácter de herederos de Isabel Casado sin que se haya verificado dicha adjudicación no les da por sí solo el derecho a la propiedad y disfrute de la mitad de la finca que fué de Pedro Casado y María Correa.

La demanda es excepcionable por el fundamento de que sus alegaciones no determinan causa generadora de la acción reivindicatoria ejercitada, y siendo ello así se hace innecesario entrar en el examen de la excepción de prescripción en que también se funda la sentencia recurrida.

En cuanto a las nulidades que se piden en la demanda, como ellas no son causa sino efecto de la acción principal de reivindicación, siendo ésta improcedente, huelga hacer pronunciamiento sobre aquéllas. Sentencias del Tribunal Supremo de España de 16 de octubre de 1873, 17 de enero de 1889, 6 de abril de 1889 y 13 de febrero de 1882, y decisiones de esta Corte Suprema en los casos de *Sucesión Nieves* v. *Sucesión Sánchez,* 17 D. P. R. 877, y *Oliver* v. *Oliver,* resuelto en julio 30 del corriente año.

Al decidir el presente caso bien podemos repetir lo que ya dijimos al resolver el de *Trinidad et al.* v. *Sucesión Trinidad et al.,* 19 D. P. R. 647:

"Tal vez a los demandantes no se les haya entregado en realidad de verdad lo que legítimamente les corresponda, pero si esto es así el procedimiento que eligieron no es el adecuado para obtener el reconocimiento de sus derechos."

Véase también el caso de *Vega et al.* v. *Rodríguez et al.,* 21 D. P. R. 334.

Por las razones expuestas procede confirmar la sentencia apelada sin perjuicio del derecho que pueda asistir a los demandantes para reclamar la participación a que tengan derecho en la herencia de sus abuelos Pedro Casado y María Correa.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.